# Exhibit A



# Service of Process Transmittal
04/15/2021
CT Log Number 539392380

| | |
|---|---|
| **TO:** | Susan Pecoraro<br>Electric Boat Corporation<br>75 Eastern Point Rd<br>Groton, CT 06340-4989 |
| **RE:** | **Process Served in Rhode Island** |
| **FOR:** | Electric Boat Corporation  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Brian Gailey, Pltf. vs. Electric Boat Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Proof(s), Complaint(s), Attachment(s) |
| **COURT/AGENCY:** | Newport County Superior Court, RI<br>Case # NC20210112 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/15/2021 at 14:02 |
| **JURISDICTION SERVED:** | Rhode Island |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Frederic A Marzilli<br>685 Warren Avenue<br>East Providence, RI 02914<br>401-434-5887 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/15/2021, Expected Purge Date: 04/20/2021<br><br>Image SOP<br><br>Email Notification,  Susan Pecoraro  specorar@gdeb.com<br><br>Email Notification,  Kelly Lewis  klewis2@gdeb.com<br><br>Email Notification,  Dixie Baalman  dbaalman@gdeb.com<br><br>Email Notification,  Matthew S. Luxton  mluxton@gdeb.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>450 Veterans Memorial Highway<br>Suite 7A<br>East Providence, RI 02914<br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

Page 1 of  2 / JD



# Service of Process Transmittal
04/15/2021
CT Log Number 539392380

**TO:** Susan Pecoraro
Electric Boat Corporation
75 Eastern Point Rd
Groton, CT 06340-4989

**RE:** **Process Served in Rhode Island**

**FOR:** Electric Boat Corporation  (Domestic State: DE)

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# STATE OF RHODE ISLAND
## SUPERIOR COURT
### SUMMONS

| | Civil Action File Number |
| --- | --- |
| | NC-2021-0112 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Brian Gailey | Frederic A Marzilli |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| Electric Boat Corporation | 685 WARREN AVENUE |
| **Defendant** | EAST PROVIDENCE RI 02914 |
| Murray Judicial Complex | **Address of the Defendant** |
| Newport County | 165 Dillabur Ave |
| 45 Washington Square | No Kingston RI 02852 |
| Newport RI 02840 | |
| (401) 841-8330 | |

**TO THE DEFENDANT, Electric Boat Corporation:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 4/13/2021 | /s/ John Graziano |
| --- | --- |
| | Clerk |

Witness the seal/watermark of the Superior Court

*A true copy attest*

Mr. Ch. Costa # 6025

George R. Clark, Constable

15 April, 2021

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND
## SUPERIOR COURT

| Plaintiff<br>Brian Gailey<br>v.<br>Electric Boat Corporation<br>**Defendant** | Civil Action File Number<br>NC-2021-0112 |
|---|---|

## PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Electric Boat Corporation, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein
   Name of person of suitable age and discretion _____
   Address of dwelling house or usual place of abode _____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ With a guardian or conservator of the Defendant
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2020)



# STATE OF RHODE ISLAND
## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: __/__/____    SERVICE FEE $ _____
             Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

**SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED**

_____
Signature

State of _____
County of _____

   On this _____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

:d in Newport County Superior Court
>mitted: 4/12/2021 5:33 PM
Case 1:21-cv-00201-WES-PAS   Document 1-1   Filed 05/06/21   Page 7 of 15 PageID #: 11
/elope: 3050140
/iewer: William V.

STATE OF RHODE ISLAND                               SUPERIOR COURT
NEWPORT S.C.

BRIAN GAILEY,
       Plaintiff

v.                                        CASE No.: NC-2021-0112

ELECTRIC BOAT CORPORATION,
       Defendant

## COMPLAINT

### I. Introduction

This action is brought by the Plaintiff, Brian Gailey, seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages, from his employer, Electric Boat Corporation, to remedy unlawful discrimination in employment the Plaintiff suffered in violation of the Americans with Disabilities Ace ("ADA"), 42 U.S.C.§12101, *et seq.*, The Rhode Island Fair Employment Practices Act. ("FEPA"), R.I.G.L §28-5-1, *et seq.*, and/or the Rhode Island Civil Rights of People with Disabilities Act ("CRPD"), R.I.G.L §42-87-1, *et seq* The Rhode Island Civil Rights Act of 1990 ("RICRA"), R.I.G.L §42-112-1, *et seq.*

### II. Parties

1. The Plaintiff, Brian Gailey, is a resident of the Town of Portsmouth, County of Newport, State of Rhode Island.

2. The Defendant, Electric Boat Corporation, a submarine manufacturer, organized under the laws of the State of Delaware, qualified to do business in the State of Rhode Island, with a Quonset Point facility, where the Plaintiff worked, located at 165 Dillabur Ave., North Kingstown, Rhode Island.

### III. Exhaustion of Administrative Remedies

3. On or about November 6, 2018, the Plaintiff timely filed a charge of discrimination against Defendant, Electric Boat Corporation with the Rhode Island Commission for Human Rights ("RICHR") No. 19-EMD 202-31/28 and also with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No 163-23019-00143.

4. On or about February 12, 2021, more than one hundred twenty (120) days, but less than two (2) years after the charge was co-filed, the Plaintiff requested that the RICHR and the EEOC issue right to sue letters.

1

:d in Newport County Superior Court
omitted: 4/12/2021 Case 1:21-cv-00201-WES-PAS   Document 1-1   Filed 05/06/21   Page 8 of 15 PageID #: 12
velope: 3050140
viewer: William V.

5. On or about February 15, 2021, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted this lawsuit thereon.

6. On or about March 15, 2021, the Plaintiff was issued a notice of right to sue by the EEOC and has timely instituted this lawsuit thereon.

### IV. **Facts**

7. Plaintiff was born on April 18, 1954.

8. Beginning in 1986, through his termination on September 13, 2018, the Plaintiff worked as an inspector for the Defendant, Electric Boat Corporation.

9. Hundreds of Electric Boat employees hold the job title "inspector".

10. No written job description for the position of "inspector" has ever been identified, cited or utilized by Electric Boat during its processing of the Plaintiff's work capacity.

11. Plaintiff has had an epilepsy seizure disorder, since a 1980's motorcycle accident, in which he sustained serious injuries. Plaintiff's neurological condition has been characterized by infrequent seizures.

12. Individuals, like the Plaintiff, who have a seizure disorder, should be found to have a disability within the meaning of the first part of the ADA's definition of disability, because they are substantially limited in neurological functions and other major life activities when seizures occur. Even if it is episodic or in remission it is still disabling under the ADA if it would substantially limit a major life activity when active. 29 C.F.R. §16.30.3(j)(1)(vii).

13. Epilepsy is a physiological disorder affecting the neurological system.

14. The Plaintiff has never had the need to regularly take seizure medication.

15. The Plaintiff, prior to his last work day on January 18, 2018, had been regularly performing his inspector duties, with few accommodations (no ladders in the pipe shop) and no work performance problems whatsoever.

16. The Defendant refused the Plaintiff's repeated offers to return to work with the accommodations he was afforded prior to his last day of work January 18, 2018.

17. Plaintiff has never had a seizure while he was actually performing his inspector job duties, nor has his condition ever actually interfered with him doing his job.

18. According to a May 17, 2018 written evaluation by Plaintiff's treating board certified neurologist, Dr. William M. Stone, Plaintiff's "cognitive capacity is compatible with returning him to work as an inspector . . . with the caveat that he needs to be well rested

2

:d in Newport County Superior Court
ɔmitted: 4/12/2021 8:39 PM
/elope: 3050140
/iewer: William V.

Case 1:21-cv-00201-WES-PAS   Document 1-1   Filed 05/06/21   Page 9 of 15 PageID #: 13

(i.e., not sleep deprived), to take his seizure medicine on schedule without fail and maintain a high therapeutic range (80-100 ug/ml) valproic acid serum concentration".

19. Dr. Stone, after he was allegedly informed by Dr. Andrews, the Defendant's in house medical director, of the essential functions of the Plaintiff's job, on July 18, 2018, wrote that he (Gailey) could perform all of his job duties as long as he is not seizing and as long as his seizures are controlled.

20. Furthermore, the only accommodations Dr. Stone recommended was "no overtime, allow adequate time for job related activities."

21. Thereafter, Dr. Andrews, without notice to the Plaintiff, unilaterally imposed a "no critical inspection" restriction on the Plaintiff's actual job duties. A definition of this term has never been provided and based upon the Plaintiff's understanding of the term; critical inspections are a small portion of the required inspections.

22. According to Dr. Stone, the Plaintiff's only mental impairment occurred during and immediately after his seizure, which never happened while he was performing his inspector duties.

23. On his December 20, 2018 visit with the Plaintiff, Mr. Gailey, Dr. Stone reiterated that it was his opinion that he was capable of driving and returning to work at his usual job. Further, the doctor opined "he retains adequate memory and cognitive capacity so long as he is not having a complex partial, localization-related seizure or in a postictal period of confusion (both of which probably contributed to the events which occurred at work on the evening of January 18, 2018)".

24. Defendant, Electric Boat Corporation, is a huge employer with thousands of employees and its employee, Brian Gailey, had been working for them for 44 years, important factors in determining the availability of a possible change of position or accommodations.

25. The employer shall include the affected employee in the reasonable accommodation and evaluation process, under the ADA, which it failed to do in the Plaintiff's case.

26. Brian Gailey was not included, nor allowed to participate, in all phases of Defendant's ADA accommodation determination process, and denied the opportunity to participate in person with that process meeting.

27. Defendant, Electric Boat Corporation, never considered placing Brian Gailey in an available non-inspector's position, or in back, the pipe shop, where he had worked for several years without issue, as required by the ADA.

28. The employer never considered reassigning the Plaintiff to one of its available vacant positions, for which he was qualified.

3

29. Upon information and belief, Defendant, Electric Boat Corporation, has specifically accommodated some of its past partially disabled inspectors, who could no longer totally perform their inspector job duties, by transferring them to a newly created special department.

30. An employer is required to base its safety concerns, during its ADA evaluation process, on objective evidence and not on general assumptions.

31. An employer should evaluate each individual on their knowledge, skills, experience, and how having epilepsy affects them.

32. Defendant, Electric Boat Corporation, terminated the Plaintiff/employee because it wrongfully concluded that the Plaintiff could not perform the essential functions of his job, with accommodations.

33. The Plaintiff has suffered economic damages, including, but not limited to, equitable damages, compensatory damages, including, but not limited to, emotional distress, loss of enjoyment of life, humiliation, damage to his business, and personal reputation and other great harm, as a result of being discriminated against due to his disability and/or perceived disability.

34. The facts of this matter clearly establish that Defendant Electric Boat Corporation's actions and/or omissions are in violation of the ADA, the FEPA, the CRPD and the RICRA and were motivated by malice and ill will toward the Plaintiff, and Defendant Electric Boat Corporations actions were intentional, willful, malicious and taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

35. As a proximate result of Defendant Electric Boat Corporation's unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered loss of income, as well as employment benefits, mental and physical anguish, pain and suffering, and loss of enjoyment of life.

## V. **Claims for Relief**

36. The Plaintiff incorporates in the counts below the allegations contain in paragraphs 1-35 above.

### Count One
### Unlawful Discrimination –42 U.S.C. §12101, *et seq.*

37. Brian Gailey was an employee or Electric Boat Corporation within the meaning of 42 U.S.C. §1211(4).

38. Electric Boat Corporation is an "employer" within the meaning of 42 U.S.C. §1211(5) in that it is engaged in an industry affecting commerce and has more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the

4

Filed in Newport County Superior Court
Submitted: 4/12/2021 3:39 PM
Envelope: 3050140
Reviewer: William V.

current and preceding years. Thus, it is also a covered entity within the meaning of 42 U.S.C. §1211(5).

39. Brian Gailey is a qualified individual within the meaning of 42 U.S.C. §12111(8) in that he has a seizure condition, Electric Boat Corporation perceives him to have a disability, he has the requisite education to perform and can perform the essential functions of an inspector.

40. Prior to and at the time that the Electric Boat Corporation terminated Brian Gailey's employment, Brian Gailey was qualified for continued employment as an inspector.

41. Due to Brian Gailey's actual or perceived disability, the Electric Boat Corporation terminated his employment. 42 U.S.C. §12112(1). Specifically, Electric Boat Corporation's discriminatory actions included, but were not limited to (1) limiting, or classifying Brian Gaily in a way that adversely affected his opportunities or status because of his actual or perceived disability within the meaning of 42 U.S.C. §12112(1); (2) utilizing standards, criteria, or methods of administration that have the effect of discrimination on the bases of disability within the meaning of §12112(b)(3)(A); (3) not making reasonable accommodations for the known physical limitations of Brian Gailey, an otherwise qualified individual with a disability, who was an applicant or employee, despite the fact that doing so would not impose an undue hardship on the operation of the Defendant Electric Boat corporation's business, within the meaning of §12112((b)(5)(A); (4) denying employment opportunities of Gailey based on the Electric Boat Corporation's need to make reasonable accommodations for his physical impairments within the mean of §12112(b)(5)(A); and (5) using qualification standards, or other selection criteria that screened out or tended to screen out individuals with disabilities, despite the fact that doing so was not consistent with business necessity, within the meaning of §12112(b)(6).

42. Brian Gailey has been damaged by the Defendant, Electric Boat Corporation's violation of the ADA, inasmuch as Brian Gailey has been unable to use his experience and training as an inspector, and has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress and mental pain and anguish.

43. Brian Gailey is entitled to his attorneys' fees and costs incurred in this matter, pursuant to 42 U.S.C. §12205.

44. Brian Gailey is further entitled to any all relief permitted under the ADA, 42 U.S.C. §12117(a), including equitable relief.

### Count Two
### Unlawful Discrimination – R.I.G.L. §28-5-1, *et seq.*

45. Defendant Electric Boat Corporation, by its acts and/or omissions, including, but not limited to those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* (FEPA), causing

in Newport County Superior Court
omitted: 4/12/2023 6:39 PM
Envelope: 3050140
Viewer: William V.

Case 1:21-cv-00201-WES-PAS   Document 1-1   Filed 05/06/21   Page 12 of 15 PageID #: 16

the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of his rights as secured under the FEPA.

## Count Three
## Unlawful Discrimination – R.I.G.L. §42-87-1, *et seq.*

46. Defendant Electric Boat Corporation, by its acts and/or omissions, including, but not limited to those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq*, (CRPD) causing the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of his rights secured under the CRPD.

## Count Four
## Unlawful Discrimination – R.I.G.L. §42-112-1, *et seq.*

47. Defendant Electric Boat Corporation, by its acts and/or omissions, including, but not limited to those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of his disability and/or perceived disability in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq*, (RICRA) causing the Plaintiff to suffer damages as aforesaid, and thereby depriving the Plaintiff of rights secured under the RICRA.

### VI.    Prayers for Relief

WHEREFORE, THE PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT GRANT THE FOLLOWING RELIEF:

A. A declaratory judgment that Defendant Electric Boat Corporation, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, §42-87-1 *et seq.*, and/or the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 *et seq.*,

B. Enjoining and permanently restraining Defendant Electric Boat Corporation from violating the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, §42-87-1 *et seq.*, and/or the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 *et seq.*,

C. Award the Plaintiff back pay, including incremental increases, pension benefits, health and dental benefits and other benefits, plus prejudgment interest thereon;

D. Award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, emotional pain, suffering, inconvenience, mental anguish, loss of

d in Newport County Superior Court
omitted: 4/12/2021 3:39 PM
velope: 3050140
viewer: William V.

Case 1:21-cv-00201-WES-PAS   Document 1-1   Filed 05/06/21   Page 13 of 15 PageID #: 17

enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

E. Award the Plaintiff punitive damages;

F. Award the Plaintiff reasonable attorney's fees and costs of litigation; and,

G. Such other and further relief as the Court deems just and proper.

## VII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

Plaintiff,
By his attorney,
FREDERIC A. MARZILLI

/s/ Frederic A. Marzilli
Frederic A. Marzilli, #2266
685 Warren Ave.
East Providence, RI 02914
(401) 434-5887 Office
(401) 434-3480 Fax
marzillilaw@yahoo.com

Dated: April 12, 2021

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
Camboyano: SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTIFICAÇÃO

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:

1. Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou
2. Enviar uma mensagem de correio eletrónico para interpreterfeedback@courts.ri.gov, ou
3. Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:

> Gabinete de Intérpretes Judiciais
> Complexo Judicial Licht
> Quarto Piso, Sala 401
> 250 Benefit Street
> Providence, RI 02903

Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:

- O nome e número do seu processo
- O idioma que solicita
- A data e hora da sua audiência
- O local da sua audiência
- O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

> Gabinete de Intérpretes Judiciais
> Complexo Judicial Licht
> Quarto Piso, Sala 401
> 250 Benefit Street
> Providence, RI 02903

9/15

---

See this notice in Cambodian, Spanish, and Portuguese on the attached pages. Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas. Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTICE

## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

To schedule an interpreter for your day in court, you have the following options:

1. Call the Office of Court Interpreters at (401) 222-8710, or
2. Send an email message to interpreterfeedback@courts.ri.gov, or
3. Visit the interpreters' office to schedule an interpreter:

> The Office of Court Interpreters
> Licht Judicial Complex
> Fourth Floor, Room 401
> 250 Benefit Street
> Providence, RI 02903

When requesting an interpreter, please provide the following information:

> The name and number of your case
> The language you are requesting
> The date and time of your hearing
> The location of your hearing
> Your name and a telephone number where we can reach you or your lawyer

---

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the Internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

> The Office of Court Interpreters
> Licht Judicial Complex Fourth
> Floor Room 401
> 250 Benefit Street
> Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
Español: Véase esta notificación en cambodiano, español y portugués en las páginas adjuntas.
Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# AVISO

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.

La Orden Ejecutiva, 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Esto servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.

Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:

1. Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;

2. Mandar un correo electrónico a interpreterfeedback@courts.ri.gov o

3. Presentarse a la Oficina de Intérpretes para solicitar un intérprete:

   The Office of Court Interpreters
   Licht Judicial Complex
   Cuarto Piso, Oficina 401 A-B
   250 Benefit Street
   Providence, RI 02903

Al solicitar un intérprete, por favor provea la siguiente información:

- El nombre y el número de su caso
- El idioma que se solicita
- La fecha y hora de su audiencia
- Dónde va a tomar lugar su audiencia
- Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

https://www.courts.ri.gov/Interpreters/English/version/Pages/default.aspx

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudará si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema judicial de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

---

(Khmer/Cambodian version of the same notice appears on this page, with parallel content:)

លោកជូនដំណឹង

សេចក្តីជូនដំណឹងអំពីប្រព័ន្ធតុលាការរបស់ Rhode Island

លោកមានសិទ្ធិទទួលបានអ្នកបកប្រែដោយមិនគិតថ្លៃ។

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor, Room 401
250 Benefit Street
Providence, RI 02903

interpreterfeedback@courts.ri.gov

https://www.courts.ri.gov/Interpreters/EnglishVersion/Pages/default.aspx

(401) 222-8710

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903